**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond L. Doyle and Kathleen Doyle, husband and wife<br><br>Plaintiffs,<br><br>v.<br><br>Federal National Mortgage Association<br><br>Defendant. | No. CV-12-8080-PCT DGC<br><br>**ORDER** |

Defendant Federal National Mortgage Association ("Fannie Mae") filed a motion to dismiss Plaintiffs' complaint challenging the trustee sale of Plaintiffs' vacation home. Doc. 7; *see* Doc. 1-1. The motion has been fully briefed and no party has requested oral argument. Docs. 12, 16. Plaintiffs also filed a motion for a temporary restraining order ("TRO") and preliminary injunction which has been fully briefed. Doc. 8; Docs. 15, 17. For the reasons set forth below, the Court will grant Defendant's motion to dismiss and deny Plaintiffs' motion for a TRO and preliminary injunction.

**I.    Background.**

On February 16, 2007, Plaintiffs obtained a loan from American Brokers Conduit ("ABC") in the amount of $204,000 for the purchase or refinance of a vacation home at 1807 East Winterhaven Drive in Mohave Valley, Arizona. Doc. 1-1, ¶¶ 3, 6, 11; Doc 7-1 at 3 (Promissory Note). Plaintiffs executed a Deed of Trust giving the lender a security interest in the property with a right of sale. Doc. 1-1, ¶ 6; *see* Doc. 7-1 at 8-29 (Deed of

Trust).¹  ABC subsequently assigned the loan to Bank of America ("BAC"), and BAC appointed Reconstruct Company ("Reconstruct") as trustee.  Doc. 1-1, ¶ 7, Doc. 7 at 2.

Plaintiffs defaulted on their loan after Mr. Doyle became ill and lost his job. Doc. 1-1, ¶¶ 41-42.  In July of 2010, Reconstruct recorded a notice of trustee sale on the property with the Mohave County Recorder's Office.  Doc. 7 at 3.  The date for the trustee sale was set for October 15, 2010, but was later postponed.  *Id.*

Beginning in September of 2010 and lasting through December of 2010, Plaintiffs attempted to enter into a loan modification agreement with BAC.  *Id.*, ¶¶ 43-51.  During this time, Plaintiffs submitted payments of $5000 and $755.44.  *Id.*, ¶¶ 45-47.  Plaintiffs were advised in December of 2010 that the latter payment was negotiated, but the $5000 payment was not.  *Id.*, ¶ 50.  Plaintiffs do not claim to have made any other payments.

Reconstruct held a trustee sale of the property on January 18, 2011.  Defendant Fannie Mae purchased the property at the sale.  Doc. 1-1, ¶¶ 8, 52, Doc. 7 at 3.  Fannie Mae subsequently instituted a forcible entry and detainer ("FED") action in Mohave County Superior Court, seeking to possess the property and to exclude Plaintiffs.  Doc. 1-1, ¶ 9; Doc. 7 at 3.  The court granted judgment on the pleadings in favor of Fannie Mae, but Plaintiffs have not yet been evicted.  Doc. 7 at 3-4, 4 n. 4.

On March 1, 2012, Plaintiffs filed this action in Mohave County Superior Court, alleging that they did not receive notice of default and notice of the trustee sale prior to the sale as required by law, that the foreclosure is therefore invalid, and that they are the true owners of the property.  Doc. 1-1, ¶¶ 11, 14, 15.  The complaint makes eight claims: wrongful foreclosure (Count I), declaratory judgment (Count II), fraud or waiver and

---

¹ Generally, on a motion to dismiss, a court may only consider material that is properly presented to the court as part of the complaint.  *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Courts may, however, consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  *In Re SiliconGraphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).  The Court therefore may consider the Note and the Deed of Trust which are referenced in the Complaint.

estoppel (Count III), breach of contract (Count IV), statutory damages (Count V), trespass (Count VI), injunctive relief (Count VII), and quiet title (Count VIII).

Fannie Mae removed the action to federal court on diversity grounds (Doc. 1) and subsequently filed its motion to dismiss. Fannie Mae argues that Plaintiffs waived their right to challenge the trustee sale by failing to seek judicial relief before the sale took place, and that Plaintiffs nonetheless fail to state a claim under any of the theories alleged in the complaint.

## II.  Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, the complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

## III.  Discussion.

### A.  Waiver of Claims under A.R.S. § 33-811(C).

Fannie Mae seeks dismissal of all claims premised on the invalidity of the trustee sale because defenses to a foreclosure sale not raised in an action for injunctive relief brought before the sale are waived. Doc. 7 at 5. Fannie Mae relies on the following Arizona statute:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p. m. mountain standard time on the last business day before the scheduled date of the sale.

- 3 -

A.R.S. § 33-811(C).

Plaintiffs respond that they have not waived their claims because § 33-811(C) applies only to those who are provided notice of sale, and Plaintiffs allege that they were not provided notice of default or notice of sale. Doc. 12 at 6, 11; *see* Doc. 1-1, ¶¶ 11, 14, 19-22, 37, 53, 71.

The Arizona Court of Appeals recently addressed this issue and concluded, under the plain language of § 33-811(C), that waiver applies to the trustor regardless of whether the trustee has complied with the notice-mailing requirements of § 33–809(C). *Madison v. Groseth*, 279 P.3d 633, 637 (Ariz. Ct. App. 2012). This is because the persons who must receive notice for purposes of waiver are listed separately in § 33-811(C) from the trustor. *Id.* The Court of Appeals explained that "[a]lthough § 33–809(C) mandates service on trustors, we decline to interpret the reference to § 33–809 in § 33–811(C) as requiring service on trustors as a prerequisite to application of the waiver provision; this interpretation would render the separate reference to the 'trustor' in § 33–811(C) superfluous." *Id.*

*Madison* is dispositive of the waiver issue in this case. Plaintiffs do not claim that they filed for an injunction before the trustee sale. Any defenses or objections they have to the validity of the sale are therefore waived under § 33-811(C). As the court found in *Madison*, the fact that Plaintiffs allege not to have been provided notice does not change this outcome. The Court finds that Counts One, Two, Five, Six, Seven, and Eight all rest on Plaintiff's objections to the validity of the trustee sale and are waived.[2]

### B. Plaintiffs' Remaining Claims.

Claim Three asserts fraud and rests on Plaintiffs' allegation that during their

---

[2] To the extent Plaintiffs attempt to make a separate due process claim under the United States and Arizona Constitutions related to their alleged lack of notice (*see* Doc. 1-1, ¶ 26), this claim fails because the sale was held and the notice given (or not given) by the non-party trustee, not by Fannie Mae. Moreover, Plaintiffs have not alleged state action as required for a due process claim. *See Kenly v. Miracle Properties*, 412 F. Supp. 1072, 1074 (D. Ariz. 1976).

attempted loan modification "Defendant" made material misrepresentations of fact. Doc. 1-1, ¶¶ 39-67. To the extent Plaintiffs appear to rely on statements made by BAC and its agents, the allegations are insufficient because BAC is not a party to this action and Plaintiffs allege no facts showing that Defendant Fannie Mae was involved in any events prior to the trustee sale. Plaintiffs' alternative claims for waiver and estoppel fail for the additional reason that they seek to invalidate the trustee sale and – as explained above – Plaintiffs have waived any defenses or challenges to that sale.

Claim Four asserts breach of contract and rests on the allegation that "Defendant" breached a contract "not to foreclose" and an agreement to modify Plaintiff's loan that constituted "a novation of the original agreement between Plaintiffs and Defendant." Doc. 1-1, ¶¶ 70-71; 72-76. Again, such allegations pertain only to BAC, not Fannie Mae. Because BAC is not named in this action and Plaintiff has alleged no facts showing that Fannie Mae was in any way involved in Plaintiff's loan modification discussions, these allegations fail to support a claim for breach of contract.

### C.  Plaintiffs' Motion for a TRO.

Plaintiffs filed a motion for a TRO and preliminary injunction seeking to bar Fannie Mae from entering, taking possession, or interfering with Plaintiffs' use and enjoyment of the property. Doc. 8 at 1. To obtain a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). For the reasons already discussed, the Court finds that Plaintiffs' have no chance of success on the merits their claims. The Court will deny Plaintiffs' motion.

**IT IS ORDERED:**

1. Defendant Fannie Mae's motion to dismiss (Doc. 7) is **granted**.
2. Plaintiffs' motion for a TRO and preliminary injunction (Doc. 8) is **denied**.

3. The Clerk is directed to terminate this action.

Dated this 6th day of August, 2012.

_____
David G. Campbell
United States District Judge